IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| MOUNTAIN VALLEY PIPELINE, LLC, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> 0.15 ACRES OF LAND, OWNED BY ) <br> FRANK W. HALE, FLOSSIE I. HALE, ) <br> ROBERT MATTHEW HAMM, AND ) <br> AIMEE CHASE HAMM, ) <br> ) <br> Defendants. ) <br> ) <br> ) | Civil Action No. 7:19-cv-00181 <br><br> By: Elizabeth K. Dillon <br> United States District Judge |

## **MEMORANDUM OPINION AND ORDER**

Plaintiff Mountain Valley Pipeline (MVP) is constructing an interstate natural gas pipeline. MVP commenced a condemnation action under the Natural Gas Act (NGA), 15 U.S.C. § 717 *et seq.*, to acquire a permanent easement and temporary easements on numerous properties, including this property located in Roanoke County. On March 7, 2018, the court entered an order in the primary condemnation case, *Mountain Valley Pipeline LLC v. Easements to Construct*, Case No. 7:17-cv-492 (W.D. Va.) (Dkt. No. 608), granting MVP immediate possession of the easement on this property. A trial in this matter is schedule to commence on January 30, 2020.

Before the court are the following motions: (1) MVP's motion for summary judgment on the amount of just compensation (Dkt. No. 3); (2) Aimee and Robert Hamm's[1] motion for leave

---

[1] The other two landowners in this matter, Frank and Flossie Hale, did not respond to MVP's motions and have not appeared in this case.

to amend their initial disclosures and answers to interrogatories (Dkt. No. 16); and (3) the Hamms' motion to continue the trial and stay this case pending the resolution of a variety of ongoing matters in other jurisdictions and before various regulatory agencies. (Dkt. Nos. 22, 24.) The court held a hearing on these motions on January 9, 2020. (Dkt. No. 29.)[2]

For the reasons stated more fully below, the court will not stay or continue this matter. Neither will the court grant the Hamms leave to amend their initial disclosures and answers to interrogatories. Further, the court concludes that MVP is entitled to summary judgment on the amount of just compensation. The court will enter an appropriate order.

## I. BACKGROUND

MVP has condemned an easement over a tract owned by defendants, identified in the main pipeline case complaint as MVP Parcel No. VA-RO-5748 (the Property). MVP is taking a temporary access easement of 0.15 acres.

On October 13, 2017, the Federal Energy Regulatory Commission (FERC) issued an order for MVP to construct, maintain, and operate a natural gas pipeline along a route that includes the Property (the Approved Route). On October 24, 2017, MVP filed an action to condemn an easement along the Approved Route on the Property (Easement) under Section 7 of the Natural Gas Act, 15 U.S.C. § 717f. On October 27, 2017, MVP moved for partial summary judgment that it is authorized to condemn the Easement and a preliminary injunction granting immediate possession for construction. On January 31, 2018, the court issued a memorandum opinion and order granting MVP's motion for partial summary judgment and conditionally granting MVP's motion for immediate possession upon a determination of appropriate security.

---

[2] MVP also filed a motion in limine and moved to exclude expert witnesses. (Dkt. Nos. 5, 6.) The Hamms did not oppose these motions. At the motion hearing, the court granted the motion in limine by agreement and dismissed the motion to exclude experts as moot. (Dkt. No. 30.)

On March 7, 2018, the court set deposits and bonds for the Property and granted MVP immediate possession of the Easement effective upon its making the required deposit and posting the required bond. There has been no drawdown of funds by defendants.

MVP's expert has determined that just compensation for the taking of the temporary access easement of 0.15 acres is $490. Defendants did not disclose any experts on the issue of just compensation, but they suggest that Ms. Hamm, as a landowner, will testify that the value exceeds $3,000.

## II. DISCUSSION

**A. Motion to Stay**

The district court's inherent authority to stay proceedings was set forth by the Supreme Court in *Landis v. North American Co.*, 299 U.S. 248 (1936). The Court stated:

> [T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance. True, the suppliant for a stay must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to some one else. Only in rare circumstances will a litigant in one cause be compelled to stand aside while a litigant in another settles the rule of law that will define the rights of both.

*Landis v. North American Co.*, 299 U.S. 248, 254–55 (1936); *see also Volvo Grp. N. Am., LLC v. Truck Enters., Inc.*, 2018 WL 3599198, at *2 (W.D. Va. 2018). In *Stinnie v. Holcomb*, 396 F. Supp. 3d 653 (W.D. Va. 2019), this court granted a stay after balancing the factors of "judicial economy, the hardship and inequity to the moving party in the absence of a stay, and the potential prejudice to the non-moving party in the event of a stay." *Id.* at 658. The court must be satisfied that a "pressing need" exists, and that "the need for a stay outweighs any possible harm

to the nonmovant." *United States v. Cont'l Cas. Co.*, Civil Action No. ELH-16-3047, 2017 WL 3642957, at *6 (D. Md. Aug. 24, 2017).

The Hamms did not cite or discuss this standard in their motion papers, and they failed to articulate the relevant factors at the hearing. Instead, the Hamms argue that the court should stay this case because of a myriad of other challenges to the pipeline, including the following: (1) the Hamms are plaintiffs in the pending litigation of *Bohon, et al. v. FERC, et al.*, 1:20-cv-00006-JEB (D.D.C. Jan. 2, 2020); (2) the Supreme Court of Virginia's decision to hear a challenge to the validity of the state survey statute; (3) FERC's stop work order related to the United States Fish and Wildlife Service's Biological Opinion and Incidental Take Statements; (4) the United States Army Corps of Engineers' suspension of construction through stream and wetland crossings; (5) the Fourth Circuit's ruling that the Department of Interior lacks the authority to grant interstate pipelines right-of-way across National Forest intersected by the Appalachian Trail; (6) the Virginia State Corporation Commission's consideration of the issue of public need; (7) MVP's consent order with the Virginia Attorney General resolving environmental violations under the Clean Water Act; and (8) a filing with the Securities and Exchange Commission which confirms that one of MVP's venturers is the subject of a criminal investigation for violations of the Clean Water Act and other federal statutes.

Challenges to this pipeline are not new, nor is the request for a stay. This court considered motions to stay at the outset of this litigation, when MVP sought immediate possession to begin construction on the pipeline. The court rejected the stay requests for a variety of reasons, including the following:

> Defendants urge, though, that this court has inherent authority to stay proceedings and that a stay is warranted if the party seeking it makes out a "clear case of hardship or inequity in being required to go forward." [quoting *Landis*, 299 U.S. at 254–55]. Put differently,

4

> they seem to be requesting that the court circumvent the statutory scheme in the name of equity . . . . This court will not stay this action where other courts statutorily authorized to do so have not. *Again, this court's task is to enforce the Certificate Order, not stay its own proceedings to give the landowners more time to challenge it*. Thus, the court does not believe that equity requires a stay in this case.

*Mountain Valley Pipeline, LLC v. Easements to Construct, Operate, & Maintain a Nat. Gas Pipeline*, Case No. 7:17-cv-00492, 2018 WL 648376, at *7 (W.D. Va. Jan. 31, 2018) (emphasis added).

This court has already ruled that MVP had the right to condemn the easement over this property and granted MVP immediate possession of the easement. That ruling stands, and the only issue awaiting resolution in this case is the amount of just compensation for the landowners.

As noted above regarding the pending motion to stay, the Hamms did not articulate the factors the court considers when deciding whether to issue a stay. They did not explain how they will, and the court does not find that they will, endure "hardship and inequity" by moving forward with an award of just compensation for the easement. Indeed, considerations of judicial economy and potential prejudice to the nonmovant point firmly in the direction of denying the requested stay. The court will not stay this matter indefinitely while a multitude of parallel, collateral matters work their way toward uncertain resolution before various state and federal courts and regulatory agencies.

Moreover, the Hamms' reliance on the recently filed *Bohon* case to support a stay is not persuasive. *Bohon* is a facial challenge to certain provisions of the NGA based on the federal non-delegation doctrine. Pursuant to the non-delegation doctrine,[3] the Hamms and others seek a declaratory judgment that Congress' overly broad delegation of legislative powers to FERC was

---

[3] According to the Hamms, this doctrine saw a "resurgence" in 2019 after 84 years of dormancy. (Mot. for Stay 2, Dkt. No. 22 (citing *Gundy v. United States*, 139 S. Ct. 2116 (2019)).)

5

and is facially unconstitutional; that any delegation of eminent domain power to any and all private actors, including MVP, is facially unconstitutional; that FERC has no authority to issue certificates to applicants seeking to invoke the power of eminent domain to take property; and that all such certificates are void *ab initio*. The Hamms ask for a stay because if this eminent domain case proceeds to resolution, their standing in *Bohon* could potentially be affected. The possible loss of standing in a parallel action, the success of which is uncertain at best, is too speculative to justify an indefinite stay. Moreover, the Hamms are only two of six plaintiffs in that case, and the challenge may continue whether or not the Hamms having standing. Additionally, as articulated at the hearing by Hamms' counsel, if plaintiffs prevail in *Bohon*, all FERC certificates issued to date would be void *ab initio* regardless of the Hamms' status as parties in that case.

For all of these reasons and the reasons set forth almost two years ago, the court will not stay this matter to allow landowners more time to pursue legal challenges to the pipeline. The motion to stay will be denied.

**B. Motions to Continue and to Amend**

In addition to their motion for a stay, the Hamms ask to amend their initial disclosures and answers to interrogatories to provide more information in support of their claim for just compensation (Dkt. No. 16), a continuance of the summary judgment hearing (which was denied by oral order), and a continuance of the trial scheduled to begin on January 30, 2019, because, if allowed to amend, MVP may want to depose landowner Aimee Hamm (Dkt. No. 24). Both of these motions were filed after MVP moved for summary judgment and after the Hamms responded in opposition to the motion for summary judgment. The motion to amend provides absolutely no information as to why the Hamms could not comply with the discovery deadlines

set forth in the pre-trial scheduling order. (Dkt. No. 1.)

For the reasons set forth below, the Hamms' proposed amendments are insufficient to defeat summary judgment. Therefore, these motions will be denied.

## C. Summary Judgment

Summary judgment should be granted if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A material fact is one that "might affect the outcome of the suit under the governing law." *Spriggs v. Diamond Auto Glass*, 242 F.3d 179, 183 (4th Cir. 2001) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). A dispute of material fact is "genuine" if sufficient evidence favoring the non-moving party exists for the trier of fact to return a verdict for that party. *Anderson*, 477 U.S. at 248–49.

The moving party bears the initial burden of showing the absence of a genuine dispute of material fact. *Celotex*, 477 U.S. at 323. Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, *set forth specific facts* showing that there is a genuine issue for trial. *See* Fed. R. Civ. P. 56(c), 56(e). All inferences must be viewed in a light most favorable to the non-moving party, but the nonmovant "cannot create a genuine issue of material fact through mere speculation or the building of one inference upon another." *Beale v. Hardy*, 769 F.2d 213, 214 (4th Cir. 1985).

Rule 56 applies in this case because the rule governing condemnation proceedings in federal court (Rule 71.1) has no provisions governing summary judgment. *See* Fed. R. Civ. P. 71.1(a); *United States v. Tree Removal Rights*, NO. 3:17-CV-128-DMB-RP, 2018 WL 6072008,

at *1 (N.D. Miss. Nov. 19, 2018). Summary judgment is appropriately granted in a condemnation case when there is no genuine issue of material fact regarding the fair market value of the property to be taken. *See Tree Removal Rights*, 2018 WL 6072008, at *1; *Equitrans, L.P. v. 0.56 Acres*, No. 1:15-cv-106, 2016 WL 3982479, at *1 (W.D.W. Va. July 22, 2016) ("Several courts have granted summary judgment for plaintiffs in condemnation actions regarding the amount of just compensation owed where there was no genuine issue of material fact regarding the fair market value of the property to be taken.") (collecting cases).

**D. Just Compensation for Temporary Taking**

Just compensation for a temporary taking is limited to the market rental value of the property subject to the temporary taking. *See United States v. Banisadr Bldg. Joint Venture*, 65 F.3d 374, 378 (4th Cir. 1995); *see also Mountain Valley Pipeline, LLC v. 1.89 Acres of Land, Owned by Briarwood Dev't, LLC*, Civil Action No. 7:19-cv-00078, 2019 WL 6467833, at *3 (W.D. Va. Dec. 2, 2019). Defendants bear the burden of proving the amount of just compensation. *See United States v. 69.1 Acres*, 942 F.2d 290, 292 (4th Cir. 1991).

As noted above, MVP's expert values just compensation for the taking of a temporary access easement of 0.15 acres in this case at $490. In response, defendants state that their "judicial admission," by admitting, in their answer, the allegations of paragraph 3 of MVP's complaint that the "amount claimed by the Landowners for each tract exceeds $3,000"—a jurisdictional requirement under the Natural Gas Act[4]—supplies evidence of value to counteract MVP's expert witness. According to defendants, because a property owner can testify to its value, this "judicial admission" provides the necessary evidence of value to defeat MVP's

---

[4] "[T]he United States district courts shall only have jurisdiction of cases when the amount claimed by the owner of the property to be condemned exceeds $3,000." 15 U.S.C. § 717f(h).

8

motion for summary judgment. Of course, defendants were only admitting that they claim an amount in excess of $3,000. If that were not the case, this court would have been without jurisdiction. Evidence of just compensation, however, requires more than an allegation that a landowner is claiming more than $3,000. Defendants' landowner admitting that allegation is insufficient to defeat a motion for summary judgment. *See Turner v. Godwin*, 1:15cv770, 2018 WL 284978, at *3 (E.D. Va. Jan. 3, 2018) ("[T]he non-moving party may not defeat a properly-supported summary judgment motion by simply substituting the 'conclusory allegations of the complaint or answer with conclusory allegations of an affidavit.'") (quoting *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990)); *Ace Hardware Corp. v. Owosso Ace Hardware, LLC*, No. 04-CV073360-DT, 2007 WL 9698262, at *13 n.21 (E.D. Mich. Sept. 28, 2007) ("[T]o withstand summary judgment, a defendant may not simply rely upon their answer to the complaint. Rather, the respondent must 'present *affirmative evidence* in order to defeat a properly supported motion for summary judgment.'") (emphasis added) (quoting *Anderson*, 477 U.S. at 256).

Regarding testimony by the landowners, none of the defendants disclosed an opinion on value during the course of discovery in this case. The Hamms' initial disclosures noted with regard to damages, "The Hamms will present evidence on the value of the take and damages to the remainder of the subject property." (Dkt. No. 4-1.) In their answers to MVP's second interrogatories, the Hamms deferred providing information regarding the fair market value of the property and any damages to the property until after they "have a completed appraisal." (Dkt. No. 4-2.) They have no expert appraiser nor appraisal, and Aimee Hamm wishes to testify regarding just compensation. Thus, the Hamms attached an amended initial disclosure as an exhibit to their memorandum in opposition to MVP's summary judgment motion. The amended

9

initial disclosure simply states, "The Hamms will present evidence that they are entitled to just compensation in excess of $3,000." (Dkt. No. 12-1.) Even if timely, this disclosure is insufficient because it provides no information as to the substance of Ms. Hamm's proposed testimony on value. *See Mountain Valley Pipeline, LLC v. 1.89 Acres of Land* (Briarwood), Civil Action No. 7:19-cv-00078, 2019 WL 6467833, at *3 (W.D. Va. Dec. 2, 2019) ("Absent any indication that these witnesses will testify about market value, there is no basis to find that there is a genuine issue of material fact on the before and after value of [the] property."). Ultimately, defendants failed to provide any admissible evidence that the amount of just compensation exceeds the amount posited by MVP's expert.[5] MVP is therefore entitled to summary judgment.

### III. CONCLUSION

Based on the foregoing, it is HEREBY ORDERED that the Hamms' motions to amend/correct their initial disclosures and answers to interrogatories (Dkt. No. 16), to stay (Dkt. No. 22), and to continue (Dkt. No. 24) are DENIED. The court will grant MVP's summary judgment motion and vest title to the easement on MVP Parcel No. VA-RO-5748 in a separate order.

Entered: January 22, 2020.

*/s/ Elizabeth K. Dillon*
Elizabeth K. Dillon
United States District Judge

---

[5] The court notes that defendants did not file any affidavits or declarations to oppose summary judgment. The court assumes this is because defendants would have faced a Rule 16(f) or Rule 37 motion.